David R. Markham (SBN 071814)
dmarkham@markham-law.com
Maggie Realin (SBN 263639)
mrealin@markham-law.com
Lisa Brevard (SBN 323391)
lbrevard@markham-law.com
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA 92101
Tel.: 619.399.3995; Fax: 619.615.2067
Richard E. Quintilone II (SBN 200995)
req@quintlaw.com
Alejandro Quinones (SBN 324244)
axq@quintlaw.com
Brianna M. McCovey (SBN 327993)
bmm@quintlaw.com
**QUINTILONE & ASSOCIATES**
22974 El Toro Road, Suite 100
Lake Forest, CA  92630-4961
Tel.: 949.458.9675; Fax: 949.458.9679
Attorneys for Plaintiff on behalf of himself and all others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARASH KAFFISHAHSAVAR, an individual, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a business entity, form unknown,<br><br>Defendant. | **CASE NO.**<br><br>**CLASS ACTION**<br>**CLASS ACTION COMPLAINT FOR:**<br>1. **FAILURE TO PAY REGULAR AND MINIMUM WAGES;**<br>2. **FAILURE TO PAY OVERTIME WAGES;**<br>3. **FAILURE TO PROVIDE MEAL PERIODS;**<br>4. **FAILURE TO PROVIDE REST PERIODS;**<br>5. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS;**<br>6. **FAILURE TO PAY ALL WAGES DUE UPON TERMINATION;**<br>7. **UNPAID BUSINESS EXPENSES;**<br>8. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), BUS. & PROF. CODE § 17200 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

1    Plaintiff KIARASH KAFFISHAHSAVAR ("Plaintiff"), by and through his
2   attorneys of record, brings this Class Action Complaint against Defendant BANK OF
3   AMERICA, N.A., a business entity unknown ("Bank of America" or "Defendant").
4   Plaintiff hereby alleges, on information and belief, except for information based on
5   personal knowledge, which allegations are likely to have evidentiary support after further
6   investigation and discovery, as follows:

7                              **NATURE OF THE ACTION**

8        1.    This is a class action for wage and labor violations arising out of
9   Defendant's failure to pay wages for all time worked, including overtime, and failure to
10  provide timely and uninterrupted meal and rest periods.

11       2.    As more fully set forth below, Defendant failed to pay its employees straight
12  and overtime wages for time they worked loading programs before their shift and closing
13  programs after their shift, performing opening procedures, and participating in post-shift
14  work performing compliance questions and audits, failed to provide timely and
15  uninterrupted meal and rest periods to its California non-exempt employees in violation
16  of California <u>Labor Code</u> §§ 512 and 226.7, and the applicable Industrial Wage Order;
17  failed to pay its employees one hour of pay at the regular rate of compensation for each
18  instance that Defendant failed to provide statutorily mandated rest periods and timely off-
19  duty meal periods; failed to furnish timely and accurate wage statements; failed to pay all
20  wages due upon termination; and, is in violation of California's Unfair Competition Law
21  ("UCL").

22       3.    Plaintiff, on behalf of himself and all other Class Members, brings this
23  action pursuant to Labor Code §§ 200, 201, 202, 203, 204, 210, 218, 218.6, 226, 226.3,
24  226.7, 256, 510, 512, 558, 1174, 1194, 1197, 1199, 2802, and California Code of
25  Regulations, Title 8, section 11050 et seq., seeking unpaid reporting time pay, overtime,
26  meal and rest period compensation, penalties, injunctive, and other equitable relief, and
27  reasonable attorneys' fees and costs.

28  ///

4.    Plaintiff seeks to represent and prosecute claims against Defendant in class action proceedings on behalf of all those similarly situated who are or were residents of the State of California.

## JURISDICTION AND VENUE

5.    This Court has diversity jurisdiction over this action, under 28 U.S.C. § 1332. Plaintiff is a citizen of California and Defendant is a citizen of North Carolina.

6.    In addition, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

7.    This case meets each of the CAFA requirements because (1) Plaintiff alleges on information and belief there are thousands of class members in California, (2) there is diversity between at least one putative class member and the named Defendant; and (3) Plaintiff alleges and believes the aggregate claims for wages and penalties exceed the jurisdictional $5,000,000.00 amount. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.    Venue is proper because upon information and belief, Defendant has a regional office within the Northern District of California, and conducts substantial business—including employing class members within this District, and maintains financial centers in this District.

## PARTIES

9.    Plaintiff KIARASH KAFFISHAHSAVAR is a resident of Sherman Oaks, California. Plaintiff was employed by Defendant at its financial centers in Los Angeles, California, from approximately 2015 to September, 2018 as a non-exempt, hourly-paid Relationship Manager (Personal Banker).

CLASS ACTION COMPLAINT

10. Plaintiff is informed and believes, and on that basis, alleges that at all times material herein, Defendant was a corporation registered to do business in California, including but not limited to conducting business within the Northern District of California, with its corporate headquarters located in Charlotte, North Carolina. Defendant is in the Bank & Financial Holding industry. On information and belief, Defendant performs consumer and financial banking services, including operating financial centers. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant is authorized to and conducts business in California, including but not necessarily limited to the Northern District of California. Defendant employed Plaintiff at several of its Los Angeles, California, financial centers, and employs/employed other Relationship Managers (Personal Bankers) throughout California, including positions with similar job duties and/or titles, including, Senior Relationship Manager I – Hybrid, Relationship Banker (Sales and Service Specialist), Relationship Banker I – Hybrid, and Senior Personal Banker.

## **FACTS**

11. Plaintiff was employed by Defendant at several of Bank of America's financial centers in Los Angeles, California from approximately 2015 to September, 2018, as a non-exempt, hourly-paid Relationship Manager (Personal Banker).

12. In his role as Relationship Manager (Personal Banker), Plaintiff was responsible for exceeding monthly and quarterly sales goals through identifying the opportunities, building rapport with new and existing clients, and securing new business and growth for the financial center. Plaintiff's duties also included offering clients Bank of America's products and solutions that fit their needs; providing clients with financial advice and assisting personal and business clients with a wide array of financial solutions to satisfy their financial needs; identifying and routing clients to partners and specialists who could assist them with their home loan, technical, business management, retirement, and financial planning needs, among other duties.

///

CLASS ACTION COMPLAINT

13.    In order to perform his work duties at the start of his shift, Plaintiff needed to load certain programs and applications every day, and also perform opening procedures, which could take up to 30 minutes every day. Plaintiff was unable to clock in until the scheduled start of his shift, which was typically at 9 a.m. during weekdays, and 7 a.m. on Saturdays. Plaintiff was never paid for this time - either at straight-time or overtime wages. Defendant was aware of these violations.

14.    Further, Defendant required Plaintiff and other class members to keep working after the end of their shifts, off the clock, to do compliance questions and perform audits. This after-the-shift work occurred at least twice a week.

15.    Plaintiff and other class members were not paid for this off the clock time, even though: (1) no practical administrative difficulty of recording the additional time exists or existed for Defendant during the relevant time period; (2) it is or was feasible for Defendant to determine or estimate the average time it takes each employee to complete his or her pre-shift start-up sequence, or opening procedures, or post-shift work, as all class members at issue in this action needed the same computer programs/applications in order to perform their work duties, and their duties were substantially the same. *See also Troester v. Starbucks Corp.*, (2018) 5 Cal.5th 829.

16.    Further, at the end of his shift, Plaintiff was required to clock out. He was then required to close all the programs and shut down the computer. This mandatory process took several minutes each day and was unpaid.

17.    Further, the nature of Plaintiff and class members' duties, and the press of business, at times caused them to work through their meal and rest breaks, or delayed the breaks. It was common for Class Members to receive customer calls during meal breaks both in the bank or on their personal phones. Management knew these calls were occurring and failed to reimburse Plaintiff and the Class. Plaintiff does not believe he was paid any meal or rest break premiums for non-compliant meal and rest breaks.

18.    Upon information and belief, the above-mentioned unlawful employment practices by Defendant was applied the same to all Relationship Managers (Personal

CLASS ACTION COMPLAINT

Bankers) and related positions in all financial centers in California.

19.    Defendant's conduct, as alleged here, has caused Plaintiff and class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the class for failing to pay all straight-time and overtime wages owed for each pay period, failing to pay meal and rest break premiums, failing to provide timely and accurate wage statements, failing to pay all wages due upon termination, failure to pay business expenses and unfair competition.

20.    Plaintiff is a member of, and seeks to be a representative for, the class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under Defendant's unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

21.    Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, and as members of the Class he seeks to represent. The class period is from four years prior to the filing of the Complaint in this action until the trial of this action ("Class Period"). The Class is defined as:

*All current and former non-exempt employees of Defendant, employed in California, who, during the time period commencing four years before this complaint was filed, and until the present ("class period"), worked at any of Defendant's banks/financial centers as Relationship Managers (Personal Bankers) or positions with similar duties and/or job titles, such as Senior Relationship Managers I – Hybrid, Relationship Bankers (Sales and Service Specialists), Relationship Bankers I – Hybrid, and Senior Personal Bankers.*

22.    Plaintiff further seeks to represent the following subclasses:

**The Regular/Minimum Wage Subclass**
*All current and former non-exempt employees of Defendant, employed in California, who, during the time period commencing four years before this complaint was filed, and until the present ("class period"), worked at any of Defendant's banks/financial centers as Relationship Managers (Personal Bankers) or positions with similar duties and/or job titles, such as Senior Relationship Managers I – Hybrid, Relationship Bankers (Sales and Service Specialists), Relationship Bankers I – Hybrid, and Senior Personal Bankers, and who worked at least one shift less than eight hours in a workday and/or worked less than 40 hours during the workweek.*

**The Overtime Subclass**

*All current and former non-exempt employees of Defendant, employed in California, who, during the time period commencing four years before this complaint was filed, and until the present ("class period"), worked at any of Defendant's banks/financial centers as Relationship Managers (Personal Bankers) or positions with similar duties and/or job titles, such as Senior Relationship Managers I – Hybrid, Relationship Bankers (Sales and Service Specialists), Relationship Bankers I – Hybrid, and Senior Personal Bankers, and who worked at least one shift longer than eight hours in a workday and/or worked more than 40 hours during the workweek.*

**The Meal Break Subclass**

*All current and former non-exempt employees of Defendant, employed in California, who, during the time period commencing four years before this complaint was filed, and until the present ("class period"), worked at any of Defendant's banks/financial centers as Relationship Managers (Personal Bankers) or positions with similar duties and/or job titles, such as Senior Relationship Managers I – Hybrid, Relationship Bankers (Sales and Service Specialists), Relationship Bankers I – Hybrid, and Senior Personal Bankers, and who worked at least one shift longer than five hours in a workday.*

**The Rest Break Subclass**

*All current and former non-exempt employees of Defendant, employed in California, who, during the time period commencing four years before this complaint was filed, and until the present ("class period"), worked at any of Defendant's banks/financial centers as Relationship Managers (Personal Bankers) or positions with similar duties and/or job titles, such as Senior Relationship Managers I – Hybrid, Relationship Bankers (Sales and Service Specialists), Relationship Bankers I – Hybrid, and Senior Personal Bankers, and who worked at least one shift longer than three and a half hour in a workday.*

**The Itemized Wage Statement Subclass**

*All current and former non-exempt employees of Defendant, employed in California, who, during the time period commencing four years before this complaint was filed, and until the present ("class period"), worked at any of Defendant's banks/financial centers as Relationship Managers (Personal Bankers) or positions with similar duties and/or job titles, such as Senior Relationship Managers I – Hybrid, Relationship Bankers (Sales and Service Specialists), Relationship Bankers I – Hybrid, and Senior Personal Bankers, and who received at least one wage statement from Defendant.*

///
///

**The Business Expense Subclass**

*All current and former non-exempt employees of Defendant, employed in California, who, during the time period commencing four years before this complaint was filed, and until the present ("class period"), worked at any of Defendant's banks/financial centers as Relationship Managers (Personal Bankers) or positions with similar duties and/or job titles, such as Senior Relationship Managers I – Hybrid, Relationship Bankers (Sales and Service Specialists), Relationship Bankers I – Hybrid, and Senior Personal Bankers, and who were not reimbursed for cell phone and/or mileage and expenses incurred in the discharge of their duties.*

**The Waiting Time Penalties Subclass**

*All members of the Class, the Regular/Minimum Wages Subclass, the Overtime Subclass, the Meal Break Subclass, and the Rest Break Subclass who separated employment with Defendant at any point during the past three (3) years prior to the filing of this action.*

23.    Plaintiff reserves the right to amend or otherwise alter the class definition, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

24.    **Numerosity/Impracticability of Joinder**: The members of the Class are so numerous that individual joinder is impracticable. The members of the class are so numerous that joinder of all members would be unfeasible and impracticable. Plaintiff estimates, on information and belief, that there are thousands current and former non–exempt employees of Defendant in California during the class period meet the class definition as alleged in this Complaint. The identity of individuals qualifying for class membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendant in the normal course of business. Class members may be notified of the pendency of this action by mail, electronic mail, the internet, or published notice.

25.    **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members such that a class action is superior to other forms of action. The claims of the named Plaintiff are typical of those of every other member of

the Plaintiff Class. All Class Members were treated in a similar fashion and suffered similar harm as a consequence of Defendant's conduct, as alleged. Common legal and factual questions include, but are not limited to:

a. Whether Defendant's policy and/or practice forced Plaintiff and the class to work off the clock;

b. Whether Defendant's failed to pay Plaintiff and the Class for pre-shift and post-shift work;

c. Whether Defendant violated Labor Code in failing to pay Plaintiff and the Class minimum/regular and overtime wages for all hours worked;

d. Whether Defendant had a policy or practice of not paying meal or rest period premium wages;

e. Whether Defendant violated Labor Code § 226.7 and/or § 512 and engaged in a pattern or practice of failing to provide timely, off–duty thirty (30) minute meal periods to Plaintiff and members of the class

f. Whether Defendant engaged in a pattern or practice of impeding Plaintiff and the members of the class from taking statutory off–duty thirty (30) minute meal periods on a timely basis;

g. Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiff and the members of the class for missed, untimely or on–duty meal periods as required by California law;

h. Whether Defendant violated the applicable California Industrial Welfare Commission ("IWC") Order by failing to provide Plaintiff and the members of the class with timely off–duty thirty (30) minute meal periods;

i. Whether Defendant engaged in unfair practices and violated California Business and Professions Code § 17200 by failing to provide Plaintiff and the members of the class with their statutory off–duty meal and rest periods on a timely basis;

j. Whether Defendant engaged in unfair practices and violated California

8

Business and Professions Code § 17200 by failing to pay Plaintiff and the members of the class for all time worked;

k. Whether Defendant maintained accurate time records of off–duty thirty (30) minute meal breaks taken by Plaintiff and members of the class in accordance with the applicable IWC Wage Order;

l. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the class that failed to include payments for missed, untimely, and/or on–duty meal periods among wages earned throughout the Class period;

m. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the class that failed to include payment for all hours worked;

n. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the class that failed to accurately state the total hours worked, to the detriment of Plaintiff and the class;

o. Whether Defendant failed to compensate, and therefore violated Labor Code § 226.7 and the applicable Wage Order by failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of three and one–half (3 ½) hours;

p. Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiff and the members of the class for failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of three and one–half (3 ½) hours;

q. Whether Defendant violated Labor Code § 1197 due to failure to compensate Plaintiff and members of the class for those acts Defendant required Plaintiff and members of the class to perform for the benefit of Defendant;

r. Whether Defendant violated Labor Code § 2802  due to failure to reimburse

9

Plaintiff and members of the class for those expenses Defendant required Plaintiff and members of the class to perform for the benefit of Defendant;

s.  Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due upon termination to all Class members who were terminated or voluntarily quit; and

t.  The nature and extent of class–wide injury and the measure of damages or restitution for the injury.

26.  **Typicality:** Plaintiff's claims are typical of the claims of the members of the class he seeks to represent because Plaintiff, as non–exempt Relationship Manager (Personal Banker) employee of Defendant, was exposed and subjected to the same unlawful business practices and conduct as other employees employed by Defendant during the class period. Named Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the class and are based on the same legal theories. Plaintiff and the members of the class he seeks to represent sustained the same types of damages and losses.

27.  **Adequacy:** Plaintiff is adequate representative of the class he seeks to represent because his interests do not conflict with the interests of the members of the class Plaintiff seeks to represent. There is a well–defined community of interest in the questions of law and fact affecting the class of persons that Plaintiff represents as a whole. Plaintiff retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Neither Plaintiff nor his attorneys have any interests contrary to or in conflict with the Class. The interests of the members of the class will be fairly and adequately protected by Plaintiff and his counsel.

28.  Named Plaintiff does not anticipate any difficulty managing this litigation.

29.  **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. Individual employees such as Plaintiff have a difficult time prosecuting

an individual action against large corporate employers such as Defendant. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

30.    The Class should also be certified because:

a.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.    Defendant acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

///
///
///
///

CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION
### FAILURE TO PAY REGULAR AND MINIMUM WAGES
### (Violation of Labor Code §§1197, 1198, and IWC Wage Order No. 4-2001)
### (Against all Defendants)

31.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

32.    Labor Code § 1197 provides, "the minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

33.    Labor Code §1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

34.    IWC Wage Order 4-2001 Section 4 provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

35.    Pursuant to the IWC Wage Order, Defendant is required to pay Plaintiff, and the members of the Class, for all hours worked, meaning the time which an employee is subject to the control of the employer.

36.    At all relevant times during the class period, Defendant failed to pay Plaintiff and other members of the class wages for all hours worked, in that Plaintiff and the class were required to boot up their computer and load several programs to begin their shifts, and also perform opening procedures, and they were not paid for this time. Similarly, after their shift ended, Plaintiff and the Class had to clock out from the time program, log off of all the programs, and shut down the computer. Further, Plaintiff and the Class were required to work after the end of their shifts in performing compliance questions and audits. Plaintiff and the Class were not paid for this time.

37.    In relevant part, Labor Code § 1194 provides that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action

the unpaid balance of the amount of this minimum wage, including interest thereon, reasonable attorney's fees, and cost of suit, which Plaintiff and other members of the class seek.

38.    Pursuant to Labor Code § 1194.2, liquidated damages are available to employees who file an action under Labor Code § 1194, which Plaintiff and members of the class seek.

39.    In committing the violations of state law as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and members of the class for all wages earned and all hours worked at least minimum wage. As a direct result, Plaintiff and other members of the class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

40.    Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendant's minimum wage violations including interest thereon, reasonable attorney's fees and costs of suit, and liquidated damages to the fullest extent permissible pursuant to Labor Code §§ 1194 and 1194.2.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(Violation of Labor Code §510, and IWC Wage Order No. 4-2001)**
**(Against all defendants)**

41.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

42.    Labor Code §510 and the applicable Wage Order provide that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.  Specifically, Labor Code §510(a) requires that: Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one

workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

43.    Labor Code § 1194 establishes an employee's right to recover unpaid overtime compensation, and interest thereon, together with the costs of suit, and attorneys' fees. Labor Code §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits is unlawful.

44.    At all times relevant hereto, Plaintiff and other members of the class, have worked more than eight hours in a workday, and/or more than forty hours in a workweek.

45.    At all times relevant hereto, Defendant has failed to pay Plaintiff, and the other members of the class, the overtime compensation premium for those unpaid hours they have worked in excess of the maximum hours permissible by law as required by Labor Code § 510 and 1198, and the applicable Wage Order.

46.    By virtue of Defendant's unlawful failure to pay the lawful overtime rate of compensation to the Plaintiff, and the other members of the class, Plaintiff and the other members of the class, have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

47.    Defendant acted and is acting intentionally and oppressively toward Plaintiff, and the other members of the class, with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury. Defendant failed to pay Plaintiff and other members of the class for all hours worked including the time spent loading programs before their shift, performing opening procedures, closing the programs after their shifts, post-shift compliance and audit work, and the work performed during meal breaks. To the extent this time worked exceeded eight (8) hours in a day and/or forty (40) hours in a week, Plaintiff and class members are entitled to overtime wages.

48.    Plaintiff and the class, request recovery of overtime compensation according to proof, interest, attorneys' fees, expenses, and costs pursuant to <u>Labor Code</u> § 1194(a), and <u>Civil Code</u> §§3287(b) and 3289, as well as the assessment of any statutory penalties against Defendant, in a sum as provided by the <u>Labor Code</u>, the applicable Wage Orders, and/or other statutes.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512, 226.7, and IWC Wage Order No. 4-2001)**
**(Against all defendants)**

49.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

50.    California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

51.    IWC Order No. 4-2001(11)(A) provides, in pertinent part: "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

52.    § 512(a) of the California Labor Code provides, in pertinent part: "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

15

CLASS ACTION COMPLAINT

53.     As alleged herein, Defendant failed to authorize and permit timely and uninterrupted meal periods during the class period. Plaintiff and members of the class were routinely required to work without a timely and uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

54.     By its actions in requiring its employees to work through meal periods and/or its failure to relieve the employees of their duties for their off–duty meal periods, Defendant has violated California Labor Code §§ 226.7, 512 and § 11 of IWC Wage Order No. 4-2001, and is liable to Plaintiff and the class.

55.     As a result of the unlawful acts of Defendant, Plaintiff and the class have been deprived of timely off–duty meal periods and are entitled to recovery under Labor Code §§ 226.7(c), 512 and § 11of IWC Wage Order No. 4-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide its employees with timely statutory off–duty meal periods.

56.     Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7 and 512.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REST PERIODS**
**(Violation of Labor Code §§ 226.7 and IWC Wage Order No. 4-2001)**
**(Against all defendants)**

57.     Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

58.     California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

59.     IWC Order No. 4-2001(12)(A) provides, in pertinent part: "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one–half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages".

60.    IWC Order No. 4-2001(12)(B) further provides: "[i]f an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided".

61.    As alleged herein, Defendant failed to authorize and permit rest breaks during the Class period. Plaintiff and members of the class were required to work through rest periods at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

62.    By its actions in requiring its employees during the class period to work through rest periods and/or its failure to relieve the employees of their duties for their rest periods, Defendant violated § 12 of IWC Wage Order No. 4-2001 and California Labor Code § 226.7 and is liable to Plaintiff and the class.

63.    Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

64.    As a direct and proximate result of Defendant's unlawful action, Plaintiff and the class have been deprived of timely rest periods and/or were not paid for rest periods taken during the Class period and are entitled to recovery under Labor Code § 226.7(c) in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide employees with timely and/or paid rest periods.

65.    Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7.

///

1

2

3

**FIFTH CAUSE OF ACTION**
**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code § 226)**
**(Against all defendants)**

4    66.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set

5    forth herein.

6    67.    California Labor Code § 226(a) provides: "[e]very employer shall,

7    semimonthly or at the time of each payment of wages, furnish each of his or her

8    employees, either as a detachable part of the check, draft, or voucher paying the

9    employee's wages, or separately when wages are paid by personal check or cash, an

10   accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

11   worked by the employee […], (3) the number of piece–rate units earned and any

12   applicable piece rate if the employee is paid on a piece–rate basis, (4) all deductions,

13   provided that all deductions made on written orders of the employee may be aggregated

14   and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

15   which the employee is paid, (7) the name of the employee and only the last four digits of

16   his or her social security number, […], (8) the name and address of the legal entity that is

17   the employer, and (9) all applicable hourly rates in effect during the pay period and the

18   corresponding number of hours worked at each hourly rate by the employee…".

19   68.    Labor Code § 226(e) provides that an employee suffering injury as a result

20   of a knowing and intentional failure by an employer to comply with subdivision (a) is

21   entitled to recover the greater of all actual damages or $50 for the initial pay period in

22   which a violation of § 226 occurs and $100 for each subsequent pay period.

23   69.    Plaintiff is informed, believes and thereon alleges that at all times relevant,

24   Defendant knowingly and intentionally failed to furnish and continues to knowingly and

25   intentionally fail to furnish Plaintiff and each Class member with timely and accurate

26   itemized statements showing all applicable hourly rates in effect and corresponding

27   number of hours, and gross regular and overtime wages earned by Plaintiff and each

28   Class member, as required by Labor Code § 226(a), and that the premiums owed to

18

Plaintiff and the members of the Class for untimely or interrupted meal and rest periods were not included in gross wages earned by Plaintiff and the Class.

70.    Defendant's failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for all hours worked, including overtime, and for missed rest periods and on–duty meal periods. In addition, Defendant provided inaccurate information regarding hours worked, which masked its underpayment of wages to Plaintiff and the Class.

71.    As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE UPON TERMINATION**
**(Violation of Labor Code §§ 201-203)**
**(Against all defendants)**

72.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

73.    California Labor Code §§ 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy–two hours thereafter, unless the employee has given seventy–two hours prior notice of his or her intention to quit in which case the employee is entitled to his or her wages at the time of quitting.

74.    During the Class period, Defendant willfully failed to pay Plaintiff and Class members who are no longer employed by Defendant all their earned wages, specifically, wages for all hours worked, including overtime, and meal and rest period premiums not paid for missed or interrupted meal and rest periods, either at the time of discharge or

19

within seventy–two hours of their leaving Defendant's employ in violation of California Labor Code §§ 201, 202, and 203.

75.    Plaintiff and members of the Class are entitled to waiting time penalties for each day that has passed that they have not received all wages owed for up to 30 days.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**(Violation of Labor Code § 2802, *et seq*.)**
**(Against all defendants)**

76.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

77.    California Labor Code § 2802 provides, in relevant part, that: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

78.    At all relevant times herein, Defendant violated California Labor Code § 2802, by failing to indemnify and reimburse Plaintiff and the Class Members for required expenses incurred in the discharge of their job duties for Defendant's benefit. Defendant's uniform policy, practice and procedure was to not reimburse Plaintiff and the Class Members for mileage or expenses incurred for Defendant within the course and scope of their employment for Defendant. These expenses were necessary to complete their principal job duties. Defendant is estopped by Defendant's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by Plaintiff and the Class Members, Defendant failed to indemnify and reimburse Plaintiff and the Class Members for these expenses as an employer is required to do under the laws and regulations of California.

79.    Plaintiff therefore demands reimbursement for the above described expenditures or losses incurred by Plaintiff and the Class Members in the discharge of their job duties for Defendant, or their obedience to the directions of Defendant, with

20

CLASS ACTION COMPLAINT

interest at the statutory rate and attorneys' fees and costs as allowed under California Labor Code § 2802.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Violation of California's Unfair Competition Law,**
**Bus. & Prof. Code § 17200 *et seq*.)**
**(Against all defendants)**

80.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

81.    California Business and Professions Code § 17200 (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

82.    Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

83.    Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein. Defendant's unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation they earned through labor provided, and failing to otherwise compensate Class members as alleged herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

84.    Plaintiff has standing to assert this claim because he suffered injury in fact and have lost money as a result of Defendant's conduct.

85.    Plaintiff and the Class seek restitutionary disgorgement from Defendant of monies owed for all hours worked and for unpaid meal and rest period premiums.

86. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of herself and other similarly situated Class members previously or presently working for Defendant in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of

21

reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure section 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For all straight–time and overtime wages owed to Plaintiff and each Class member for all hours worked;

C. For one hour of wages due to Plaintiff and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

D. For one hour of wages due to Plaintiff and each Class member for each work period of more than three and one–half (3 ½) hours when they did not receive an uninterrupted ten (10) minute rest period for each four (4) hours or major fraction thereof worked;

E. For actual damages or statutory penalties under Labor Code § 226(e);

F. For waiting time penalties pursuant to Labor Code § 203;

G. For liquidated damages pursuant to Labor Code § 1194.1;

H. For reimbursement of unpaid expenses under Labor Code § 2802;

I.  For restitutionary disgorgement pursuant to the UCL;

J.  Prejudgment interest at the maximum legal rate;

K. Reasonable attorney's fees;

L. General, special and consequential damages, to the extent allowed by law;

M. Costs of suit;

N. For attorneys' fees pursuant to Code of Civil Procedure §1021.5; and

O. Such other equitable relief as the Court may deem just and proper.

///

///

CLASS ACTION COMPLAINT

DATED: March 27, 2020                    **THE MARKHAM LAW FIRM**


By:    */s/ David R. Markham*
                          David R. Markham
                          Maggie Realin
                          Lisa Brevard


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class members on all claims so triable.


DATED: March 27, 2020                    **THE MARKHAM LAW FIRM**


By:    */s/ David R. Markham*
                          David R. Markham
                          Maggie Realin
                          Lisa Brevard

CLASS ACTION COMPLAINT